UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LARA,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | No. 1:26-cv-01028-DC-DMC (HC)<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. No. 6) |

    This matter is before the court on Petitioner's motion for a preliminary injunction[1] (Doc. No. 6), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) For the reasons explained below, the court will deny without prejudice Petitioner's motion for a preliminary injunction.

/////

/////

/////

---

[1] Petitioner's motion for a preliminary injunction is captioned as an "emergency motion for temporary restraining order and preliminary injunction and request requiring immediate bond hearing." (Doc. No. 6 at 1.) Because the standards for a motion for a temporary restraining order and a motion for preliminary injunction are "substantially identical," and because the parties were provided the opportunity to fully brief the motion, the court will consider Petitioner's motion as a motion for preliminary injunction. *Stuhlberg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

1

# BACKGROUND

**A.     Factual Background**

Petitioner Juan Lara alleges that he[2] is a citizen of El Salvador who has resided in the United States since his entry in 2010. (Doc. No. 1 at ¶ 40.) Petitioner alleges that he was arrested by U.S. immigration authorities on January 26, 2026, and has been in immigration detention since that date. (Doc. No. 1 at ¶ 15.) Petitioner alleges that U.S. Immigration and Customs Enforcement ("ICE") has denied his requests for a bond hearing in front of a neutral immigration judge, stating that ICE is unable to comply with the request because Petitioner's housing location is unknown.[3] (*Id.*) Petitioner alleges that he has been placed in removal proceedings as a noncitizen who entered the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* at 42.)

In their opposition, Respondents allege that Petitioner was detained entering the United States on March 17, 2007. (Doc. No. 8-1 at ¶ 5.) Respondents allege that Petitioner had made four prior attempts to enter the Untied States, each time claiming he was a citizen of Mexico, and that upon each of those attempts, Petitioner was granted a voluntary return to Mexico. (*Id.*) Respondents allege that on March 18, 2007, Petitioner was served with an expedited removal order, and that on April 11, 2007, he was removed from the United States. (Doc. Nos. 8-1 at ¶ 6; 8-2; 8-3.) Respondents further allege that, following his removal, Petitioner re-entered the United

---

[2] In his Petition, Petitioner repeatedly fluctuates between using he/him and she/her pronouns. (*See* Doc. No. 1 at ¶ 47) ("Without relief from this court, He [sic] may face the prospect of months, or even years, in immigration custody, separated from her family and community.") Because Petitioner most frequently uses he/him pronouns, the court will employ those pronouns in this order.

[3] Petitioner separately alleges that "[f]ollowing Petitioner's arrest and transfer to Bakersfield Detention Facility, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions," (Doc. No. 1 at ¶ 44), and that "[o]n November 14, 2025, an immigration judge issued a decision that the court lacked jurisdiction to conduct a bond redetermination hearing because Petitioner was an applicant for admission under § 1225(b)(2)(A)." (*Id.* at ¶ 46.) Thus, it is unclear from Petitioner's pleadings whether Petitioner has received a bond redetermination hearing, but as Petitioner's motion for a preliminary injunction is predicated on Respondents' alleged failure to provide him with such a hearing, the court will assume he has requested and been denied a custody redetermination hearing for the purposes of this order.

States at an unknown date and location, was subsequently encountered by immigration officers on January 31, 2026, and detained pursuant to his prior order of removal. (Doc. No. 8-1 at ¶¶ 6, 7.) Respondents allege that, on that same day, Petitioner was served with a notice of intent to reinstate his prior removal order. (Doc. Nos. 8-1 at ¶ 7; 8-4.) Respondents assert that Petitioner is currently detained at the Mesa Verde Detention Facility and will be removed to El Salvador within two weeks. (Doc. No. 8-1 at ¶ 7.)

**B.     Procedural Background**

On February 5, 2026, Petitioner filed his petition for writ of habeas corpus asserting the following two claims against Respondents Todd M. Lyons, Kristi Noem, U.S. Department of Homeland Security ("DHS"), Pamela Bondi, and the Executive Office for Immigration Review: (1) violation of the Immigration and Nationality Act in relation to Petitioner's detention; and (2) violation of due process in relation to Petitioner's detention. (Doc. No. 1 at 14–15.) In his petition, Petitioner seeks an order requiring that Respondents release Petitioner or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and awarding Petitioner attorney's fees and costs under the Equal Access to Justice Act. (*Id.* at 15.)

On February 8, 2026, Petitioner filed the pending motion for a preliminary injunction in which he argues that he is being unlawfully detained pursuant to the mandatory detention requirement in 8 U.S.C. § 1225(b)(2), that he is statutorily entitled to a pre-deprivation bond hearing under 8 U.S.C. § 1226(a), and that his continued deprivation without a bond hearing violates his constitutional right to due process. (Doc. No. 6.) Petitioner seeks the same relief in his motion for preliminary injunction as in his habeas petition. (*Id.* at 7.)

On February 9, 2026, the court issued a minute order setting a briefing schedule and requesting that the parties address whether they oppose the court considering Petitioner's petition concurrently with his motion for preliminary injunction. (Doc. No. 7.) On that same day, Respondents filed their omnibus response to Petitioner's habeas petition and opposition to

/////

/////

/////

1  Petitioner's motion for a temporary restraining order.[4] (Doc. No. 8.) In their opposition,

2  Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6),

3  and therefore Petitioner's motion must be denied. (Doc. No. 8 at 2–4.) Notably, in his reply,

4  Petitioner concedes that he is subject to detention pursuant to 8 U.S.C. § 1231(a)(6), but he argues

5  that his detention still violates his constitutional right to due process. (Doc. No. 9 at 2–3.)

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024);

---

[4] Respondents additionally move to dismiss all Respondents on the ground that the only proper respondent of Petitioner's habeas petition is the facility administrator of the Mesa Verde Detention Facility, who is not a named respondent. (Doc. 8 at 1 n.1.) Because Respondents make this request for affirmative relief in their opposition, rather than by noticed motion, the court will deny Respondents' request to dismiss all Respondents. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("[A] request for affirmative relief is not proper when raised for the first time in an opposition.").

*see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

**DISCUSSION**

**A.      Likelihood of Success on the Merits**

Petitioner contends that his detention under 8 U.S.C. § 1231(a)(6)[5] is unconstitutional because Respondents merely assert that Petitioner's removal is "likely within two weeks," and that this assertion is insufficient to justify Petitioner's approximately 14-day detention without a bond hearing in front of a neutral arbiter. (Doc. No. 9 at 2–3.)

Under § 1231, "where a noncitizen has entered the United States illegally after having been ordered removed . . . the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed," and the noncitizen "shall be removed from the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). A reinstated order of removal "retains the same administrative finality" as the initial removal order. *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017). Accordingly, because a "reinstated removal order remains administratively final," a noncitizen with such a reinstated order "is detained pursuant to section 1231(a)." *Padilla-Ramirez*, 882 F.3d at 832. "The bond hearing authorized [pursuant to 8 U.S.C. § 1226] does not apply to detentions authorized under section 1231(a)." *Id.*

Respondents attach as an exhibit to their opposition Petitioner's order of expedited removal and departure verification, both dated March 18, 2007. (Doc. Nos. 8-2, 8-3.) Respondents additionally attach Petitioner's notice of intent/decision to reinstate prior order

---

[5] In his petition and motion for preliminary injunction, Petitioner argues that he is improperly detained pursuant to 8 U.S.C. § 1225(b)(2), when he should properly be subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (*See* Doc. Nos. 1, 6.) Respondents raised the issue of Petitioner's final order of removal and detention under § 1231(a)(6) in their opposition. (Doc. No. 8.) In his reply, Petitioner concedes that § 1231 is the proper basis for his detention. (Doc. No. 9 at 3) ("Respondents correctly note that Petitioner is detained under § 1231(a)(6), but they incorrectly assert that this ends the inquiry."). Accordingly, the court will consider Petitioner's arguments as to why his detention is unlawful in his reply rather than his motion for preliminary injunction, as Petitioner concedes that the arguments in his motion were directed toward the wrong statutory basis for his detention.

5

which indicates that, pursuant to 8 U.S.C. § 1231(a)(5), DHS reinstated Petitioner's March 18, 2007 order of expedited removal on January 31, 2026. (Doc. No. 8-4.) Accordingly, Petitioner is detained under § 1231(a) and is therefore not entitled to a pre-deprivation bond hearing.

However, as Petitioner notes in his reply, this does not end the inquiry. (Doc. No. 9 at 3.) Petitioner contends that, while his detention may be statutorily authorized under § 1231(a), his continued detention violates his right to due process pursuant to the Supreme Court's order in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*)

In *Zadvydas,* the Supreme Court placed limitations on the government's ability to indefinitely detain noncitizens under § 1231(a) to avoid constitutional concerns. *Zadvydas*, 533 U.S. at 683. Once a noncitizen's final order of removal becomes administratively final, the noncitizen is subject to a 90-day period of mandatory detention referred to as the "removal period" during which the government is directed to effectuate the noncitizen's removal. *Id.* (citing 8 U.S.C. § 1231(a)(2)). If the noncitizen is not removed during the removal period, § 1231(a)(6) provides that the government "may" continue to detain certain categories of noncitizens or release them under supervision. *Id.* (citing 8 U.S.C. § 1231(a)(6)). This statutory framework, read literally, "sets no limit on the length of time beyond the removal period than an alien who falls within one of the Section 1231(a)(6) categories may be detained." *Id.* at 689. However, the Supreme Court in *Zadvydas* found that such indefinite detention is constitutionally impermissible and "read an implicit limitation into the statute" such that a noncitizen can only remain in detention for "a period reasonably necessary to bring about the alien's removal from the United States." *Id.* Specifically, the Supreme Court held that following the removal period, there is a six-month period in which the government's continued detention of a noncitizen is presumptively reasonable to effectuate their removal. *Id.* at 701. Following this presumptively reasonable period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the government cannot present such evidence, the noncitizen should be released. *Id.*

Here, Petitioner has been detained for approximately two weeks as of the issuance of this

order. (Doc. No. 1 at ¶ 15.) While Petitioner contends that the six-month presumption of reasonableness "is not a safe harbor for unconstitutional detention" and that courts "retain authority to examine the reasonableness of detention in light of the totality of circumstances," Petitioner cites no cases in which it has been found that such a brief period of detention is unreasonable under § 1231. (Doc. No. 9 at 3.) Further, while Petitioner argues that Respondents' "assertion that Petitioner is unlikely to comply with removal relies exclusively on prior immigration history, not on any individualized, current assessment supported by procedural safeguards," (*id.*), the burden is not on Respondents to justify Petitioner's continued detention at this juncture.[6] *Zadvydas*, 533 U.S. at 701 (stating that government must provide specific evidence showing reasonably foreseeable removal only after expiration of six month period, and after noncitizen has provided good reason to believe there is no such likelihood).

Because Petitioner is subject to detention under 8 U.S.C. § 1231(a), not 8 U.S.C. § 1226(a), Petitioner has not demonstrated a likelihood of success on his claim that his continued detention without a bond hearing violates the Immigration and Nationality Act. And, because Petitioner has not shown that there is no likelihood of removal in the foreseeable future, Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his Fifth Amendment right to due process. Accordingly, the court will deny Petitioner's motion for preliminary injunction, without prejudice.

**CONCLUSION**

For the reasons explained above,

1. Petitioner Juan Lara's motion for preliminary injunction (Doc. No. 6) is DENIED

---

[6] In their opposition, Respondents assert that Petitioner is currently *mandatorily* detained during his removal period. (Doc. No. 8 at 3) (citing *Padilla-Ramirez*, 882 F.3d at 829–31). The court does not read *Padilla-Ramirez* as explicitly holding that the petitioner in that case was subject to mandatory detention following the reinstatement of his removal order. The court in *Padilla-Ramirez* noted that the decision "only addresses [the petitioner's] entitlement to an initial bond hearing," and does "not address [the petitioner's] entitlement to a bond hearing after prolonged detention." *Padilla-Ramirez*, 882 F.3d at 830. However, whether Petitioner's current detention is mandatory or discretionary at this juncture does not affect the court's analysis as to whether Petitioner has shown that he is likely to succeed on his claim that he is statutorily entitled to a pre-deprivation bond hearing, or likely to satisfy his burden of showing good reason to believe there is no likelihood of removal in the reasonably foreseeable future.

7

without prejudice to Petitioner bringing a renewed motion for preliminary injunction if his detention continues and becomes unreasonable in length, and there is no likelihood of his removal in the reasonably foreseeable future; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **February 11, 2026**

Dena Coggins
United States District Judge