UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN LARA,

        Petitioner,

    v.

KRISTI NOEM, et. al.,

        Respondents.

No.  1:26-cv-01028-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee who is representing proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondents' motion to dismiss, ECF No. 11. Petitioner filed an opposition, ECF No. 12.

Respondents contend that the petitioner should be dismissed because Petitioner fails to name their warden for their detention facility where Petitioner is being held. See ECF No. 11. Petitioner argues that the District Judge previously denied such request and, even if the warden is the proper respondent, dismissal is not appropriate and the Court should instead substitute the proper custodian. See ECF No. 12.

Petitioner is correct that the District Judge previously determined that:

Respondents additionally move to dismiss all Respondents on the ground that the only proper respondent of Petitioner's habeas petition is the facility administrator of the Mesa Verde Detention Facility, who is not a named respondent. (Doc. 8 at 1 n.1.) Because Respondents make this request for affirmative relief in their opposition, rather than by noticed motion, the court will deny Respondents'

1

request to dismiss all Respondents. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) ("[A] request for affirmative relief is not proper when raised for the first time in an opposition.").

ECF No. 10, pg. 4, n. 4.

Thus, the District Judge did not reject Respondents' claim that the proper respondent was Petitioner's warden, but rather, dismissed the request because Respondents' request was not properly made as a motion. Respondents then filed the instant motion to dismiss, ECF No. 11, requesting dismissal due to Petitioner's failure to name the proper respondent. Thus, the undersigned finds that Respondents' request is now properly before the Court. The undersigned additionally finds that Petitioner's immediate custodian is not named in the petition and therefore, the petition should be dismissed, with leave to amend.

Petitioner asks the Court to instead substitute the proper respondent, but the undersigned declines to do so. Even if Petitioner is correct that substituting the proper respondent is the best procedure here, the undersigned cannot do so because neither Petitioner nor Respondents identify who the custodian of Petitioner's detention facility is. Though Petitioner states that Respondents argue "that only the warden of the Mesa Verde Detention Facility may be named in this action," ECF No. 12, pg. 2, Respondents made no mention of Mesa Verde Detention Facility in their motion, ECF No. 11. Indeed, in the original petition, Petitioner contends "in the physical custody of Respondents at the Bakersfield Detention Facility in Bakersfield, California," but also state that "Petitioner has filed multiple requests for bond redetermination but his location has been obscured and lost in the system; therefore, ICE and DHS have continuously blocked his scheduling due to 'unknown location.'" ECF No. 1, pg. 2. Thus, based on the filings in this action, it is not clear where Petitioner is being held.

Further, the Court is notes that Petitioner and Respondents provide a number for Petitioner, in the same format as an A-Number, which is used to identify noncitizen detainees, but Petitioner and Respondents instead call it a "file no." See ECF No. 1, pg. 1, and ECF No. 8-2, pg. 1. However, the Court found no results when searching Petitioner's "File No." on the Department of Justice Board of Immigration Appeals case search nor ICE's immigration detainee search.

Thus, the Court is further unable to identify where Petitioner is being held and who the proper respondent is in this matter.

Finally, the undersigned notes that in the original petition, Petitioner contends his detention is pursuant to § 1226(a) but in Petitioner's reply to Respondents' opposition to Petitioner's motion for temporary restraining order, Petitioner concedes that he is subject to detention pursuant to 8 U.S.C. § 1231(a)(6). See ECF No. 9, pgs. 2-3. Thus, it appears that leave to amend is appropriate to allow Petitioner to clarify their claims for relief.

Accordingly, the undersigned will recommend Respondents' motion to dismiss be granted and the petition be dismissed, with leave to amend. Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 110.

Based on the foregoing, the undersigned recommends:

1.　It is RECOMMENDED that Respondents' motion to dismiss, ECF No. 11, be GRANTED;

2.　It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be DISMISSED WITH LEAVE TO AMEND;

3.　It is RECOMMENDED that Petitioner be directed to file an amended petition which names the proper respondent and states all claims and requests for relief, within 10 days of the date of the District Judge's order.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 7, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE